**JEFFREY B. SETNESS, ESQ.**
California State Bar No. 96773
Nevada State Bar No. 2820
**FABIAN VANCOTT**
411 East Bonneville Avenue, Suite 400
Las Vegas, Nevada 89101
Telephone:    (702) 286-2626
Facsimile:    (877) 898-1168
E-mail:        jsetness@fabianvancott.com

*Attorneys for Plaintiffs:*

*Carolyne Y. Sohn as Trustee of the Evergreen Trust dated November 4, 2003*
*Olivia L. Yu as Trustee of the Evernoble Trust dated November 4, 2003*
*Olivia L. Yu as Trustee of the Yu Personal Residence Trust dated March 21, 1996*
*Olivia L. Yu as an Individual*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLYNE Y. SOHN AS TRUSTEE OF THE EVERGREEN TRUST DATED NOVEMBER 4, 2003; OLIVIA L. YU AS TRUSTEE OF THE EVERNOBLE TRUST DATED NOVEMBER 4, 2003; OLIVIA L. YU AS TRUSTEE OF THE YU PERSONAL RESIDENCE TRUST DATED MARCH 21, 1996; AND OLIVIA L. YU AS AN INDIVIDUAL,<br><br>PLAINTIFFS,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>DEFENDANT. | CASE NO.<br><br>COMPLAINT TO QUIET TITLE |

Plaintiff CAROLYNE Y. SOHN, AS TRUSTEE OF THE EVERGREEN TRUST DATED NOVEMBER 4, 2003; Plaintiff OLIVIA L. YU, AS TRUSTEE OF THE EVERNOBLE TRUST DATED NOVEMBER 4, 2003; Plaintiff OLIVIA L. YU, AS TRUSTEE OF THE YU PERSONAL RESIDENCE TRUST DATED MARCH 21, 1996; and Plaintiff OLIVIA L. YU AS AN INDIVIDUAL (collectively referred to as "Plaintiffs"), allege as follows:

**INTRODUCTION**

1. This is an action to quiet title relating to three residential properties located in Santa Clara County. The Internal Revenue Service filed a total of four Notices of Federal Tax Liens (hereinafter "NFTLs") in Santa Clara County that encumber these properties held by the Plaintiffs' trusts more fully described below.[1] The liabilities upon which the NFTLs are based are Jeffrey T. Yu's IRC § 6038 and IRC § 6677 penalties for the years 1997-2004. Plaintiffs are challenging these NFTLs based upon, among other things, that, at the time these trusts were created and the properties were transferred into these trusts, Jeffrey T. Yu did not owe any IRC § 6038 and IRC § 6677 penalties for the years 1997-2004 to the IRS. The underlying liabilities upon which the NFTLs are based were not assessed by the IRS until 2014 - approximately 18 years after the formation of the Yu Personal Residence Trust in or about 1996 and the transfer of the Sarahills Drive property into the Yu Personal Residence Trust in or about 1996; approximately 10 years after the formation of the Evergreen Trust in or about 2003 and the transfer of the Windsor Street property into the Evergreen Trust in or about 2004; and approximately 10 years after the formation of the Evernoble Trust in or about 2003 and the transfer of the Galli Drive property into the Evernoble Trust in or about 2004.

**PARTIES**

2. Plaintiff Carolyne Y. Sohn (hereinafter referred to as "Evergreen Trustee Sohn") is a resident of San Jose, California and is bringing this action in her capacity as Trustee on behalf of the Evergreen Trust dated November 4, 2003.

3. Plaintiff Olivia L. Yu a resident of Saratoga, California and is bringing this action in her capacity:

    a. As Trustee on behalf of the Evernoble Trust dated November 4, 2003 (in this capacity she will be hereinafter be referred to as the "Evernoble Trustee Olivia Yu");

---

[1] Based upon searches that were conducted in Santa Clara County, a total of six NFTLs were discovered relating to these properties. However, two of these six NFTLs were later withdrawn by the IRS. Specifically, on October 28, 2014, the IRS filed NFTL Serial No. 126191114 and NFTL Serial No. 126191214 however both these NFTLs were withdrawn by the filing of Forms 10916 Withdrawals of Filed Notice of Federal Tax Liens on January 26, 2016.

   b. As Trustee on behalf of the Yu Personal Residence Trust dated March 21, 1996 (in this capacity she will be referred to as the "Yu Personal Residence Trustee Olivia Yu"); and

   c. As an individual.

4. Defendant UNITED STATES OF AMERICA (hereinafter "United States") is made up of various departments and agencies, including the Department of the Treasury and the Internal Revenue Service ("IRS") and has placed NFTLs on the above-mentioned properties therefore the United States is a proper defendant pursuant to Title 28, U.S.C. § 2410.

5. The NFTLs purport to relate to penalties assessed against Jeffrey T. Yu for the years 1997-2004 pursuant to IRC § 6038 for failing to file Forms 5471 – Information Return of U.S. Person with Respect to Certain Foreign Corporations and penalties imposed pursuant to IRC § 6677 for failing to file Forms 3520 - Annual Return to Report transactions with Foreign Trust and Receipt of Certain Foreign Gifts.

## **JURISDICTION AND VENUE**

6. This is an action pursuant to, inter alia, Title 28, U.S.C. §§ 1331, 1340, 1346, and 2410 to quiet title with respect to three residential properties in Santa Clara County which the United States claims to have filed four NFTLs which are more fully described below.

7. Title 28, U.S.C. § 2410 states, in pertinent part, that "(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, . . . (1) to quiet title to, . . .real or personal property on which the United States has or claims a mortgage or other lien . . ."

8. Title 28, U.S.C. § 2410 constitutes a waiver of sovereign of immunity by the United States. See *Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964).

9. Venue is proper in the United States District Court for the Northern District of California pursuant to Title 28, U.S.C. § 1391(b)(2) since the three residential properties at issue are all located in Santa Clara County, State of California, which is located in this judicial district.

## THE TRUSTS

### Evergreen Trust

10. On or about November 4, 2003, the Evergreen Trust was formed by counsel for the Yus. A copy of the Evergreen Trust is attached as Exhibit 1 and is incorporated by reference herein. Page 16 of the Evergreen Trust states, in pertinent part as follows:

> EIGHTH: IRREVOCABLE TRUST
>
> This Trust Agreement and the trusts hereunder are irrevocable and shall not be altered, amended or revoked by any person.

11. On or about March 26, 2018, Co-Trustees Jeffrey T. Yu and Olivia L. Yu resigned and Carolyne Y. Sohn (formerly known as Carolyne L. Yu) accepted the appointment as Successor Trustee of the Evergreen Trust. A true and correct copy of the "Resignations of Co-Trustees" is attached as Exhibit 2 and is incorporated by reference herein.

### Evernoble Trust

12. On or about November 4, 2003, the Evernoble Irrevocable Trust was formed by counsel for the Yus. A copy of the Evernoble Irrevocable Trust is attached as Exhibit 3. On Page 17 of the Evergreen Trust, it states, in pertinent part as follows:

> EIGHTH: IRREVOCABLE TRUST
>
> This Trust Agreement and the trusts hereunder are irrevocable and shall not be altered, amended or revoked by any person.

13. On or about July 16, 2020, Co-Trustee Jeffrey T. Yu resigned. Olivia Yu was now the sole Trustee of the Evernoble Trust. A copy of the "Resignation of Co-Trustee" is attached as Exhibit 4.

### Yu Personal Residence Trust

14. The Yu Personal Residence Trust was formed on or about March 21, 1996 by counsel for the Yus. A true and correct copy of the Yu Personal Residence Trust Agreement is attached as Exhibit 5. On Page 2 of the Yu Personal Residence Trust, it states, in pertinent part as follows:

ARTICLE II

Irrevocability

This trust and all interests in it are irrevocable, and the Trustors have no power to alter, amend, revoke, or terminate any trust provision or interest, whether under this instrument or any statute or rule of law.

15. On or about January 20, 2022, Jeffrey T. Yu resigned as Co-Trustee of the Yu Personal Residence Trust. A copy of the "Resignation of Co-Trustee" is attached as Exhibit 6.

16. On or about January 20, 2022, Jeffrey T. Yu signed a document entitled "Delegation of Authority". A copy of the Delegation of Authority is attached as Exhibit 7.

### THE PROPERTIES AND THEIR OWNERSHIP HISTORY

17. The three residential properties which are the subject of this action are all located in Santa Clara County and are more particularly described as follows:

| Parcel No. | Address |
| --- | --- |
| 372-02-015 | 1010 Windsor Street, San Jose, California (hereinafter the "Windsor Street Property") |
| 372-10-011 | 7059 Galli Drive, San Jose, California (hereinafter the "Galli Drive Property") |
| 50353023 | 20932 Sarahills Dr. Saratoga, California (hereinafter the "Sarahills Drive Property") |

**Windsor Street Property**

18. In or about March 2003, Jeffrey T. Yu and Olivia L. Yu (hereinafter collectively referred to as "the Yus") purchased the Windsor Street Property for approximately $800,000. The Yus made a down payment of approximately $400,000 and there was a mortgage in the approximate amount of $400,000. On or about March 18, 2003, a deed was recorded which set forth the title to this property was held in the name of the Yus, as husband and wife.

19. In or about January - May 2004, the Yus transferred title of the Windsor Street Property from the Yus, as husband and wife, to the Yus, as Trustees of the Evergreen Trust.

///

20. In or about the October - November 2004, in order to refinance the property, title to the property was transferred from the Yus, as Trustees of the Evergreen Trust, to the Yus, as husband and wife. Shortly thereafter, the property was transferred back to the Yus, as Trustees of the Evergreen Trust.

21. The Windsor Street Property was a rental from in or about 2003 through in or about 2018 and a portion of the rental income was used to make payments on the mortgage.

22. In or about August 2018, Carolyne Y. Sohn reached the age of 35 years old and, pursuant to the terms of the Evergreen Trust, became the successor Trustee of the Evergreen Trust and the Yus resigned as trustees of the Evergreen Trust.

23. In or about September 2018, in order to refinance the property and to obtain funds to remodel, title to the property was transferred from Carolyne Y. Sohn, as Trustee of the Evergreen Trust to Carolyne Y. Sohn, a married woman as her sole and separate property. Later, Carolyne Y. Sohn transferred the property to Carolyne Y. Sohn and Hobin Sohn as husband and wife. In October 2019, the property was transferred back to Carolyne Y. Sohn, as trustee of the Evergreen Trust.

24. In or about September 2019, Carolyne Y. Sohn and Hobin Sohn moved into the Windsor Street Property and it has been their residence ever since.

**Galli Drive Property**

25. In or about February 2004, the Yus purchased the Galli Drive Property for approximately $800,000. The Yus made a down payment of approximately $400,000 and there was a mortgage in the approximate amount of $400,000. In or about March 2003, a deed was recorded which set forth that the title to this property was held in the name of the Yus, as husband and wife.

26. In or about April – June 2004, the Yus transferred title of this property from the Yus, as husband and wife, to the Yus as Trustees of the Evernoble Trust.

/ / /

/ / /

27. In or about the October - November 2004, in order to refinance the property, title to the property was transferred from the Yus, as Trustees of the Evernoble Trust to the Yus, as husband and wife. Shortly thereafter, the property was transferred back to the Yus, as Trustees of the Evernoble Trust.

28. The Galli Drive Property has been a rental property from in or about 2004 through the present day.

**Sarahills Drive Property**

29. In or about March 1996, the Yus purchased the Sarahills Drive Property for approximately $1,010,000. The Yus made a down payment of approximately $400,000 and there was a mortgage in the approximate amount of $610,000. A deed was recorded which set forth that the title to the Sarahills Drive Property was held in the name of the Yus, as husband and wife.

30. In or about April 1996, title to the Sarahills Drive Property was transferred from the Yus, as husband and wife, to the Yus, as Trustees of the Yu Personal Residence Trust.

31. In or about February 1998, title to the Sarahills Drive Property was transferred from the Yus, as Trustees of the Yu Personal Residence Trust to the Yus, as husband and wife joint tenants.

32. In or about April 1998, title to the Sarahills Drive Property was transferred from the Yus, as husband and wife to the Yus, as Trustees of the Yu Personal Residence Trust.

33. The Sarahills Drive Property is currently held in the name of Jeffrey T. Yu and Olivia L Yu, Trustees of the Yu Personal Residence Trust.

**NOTICES OF FEDERAL TAX LIENS**

34. The United States, through the Internal Revenue Office located in Oakland, California recorded the following NFTLs with the Santa Clara County Recorder, State of California, on the dates set forth below:

/ / /

/ / /

| Notice of Federal Tax Lien Serial No. 194269316 | | | | | | |
|---|---|---|---|---|---|---|
| Form | Date of Filing and Place of Filing | Kind of Tax | Tax Years | Date of Assessment | Total | Name of Taxpayer |
| 668(Y)(c) | 01/26/2016<br><br>Santa Clara County | 6038<br>6677 | 1997 1998 1999 2000 2001 | Various dates in May 2014 | $3,673,572.60 | Jeff T. Yu, Also Known As Jeffrey T. Yu |

A copy of NFTL Serial No. 194269316 is attached as Exhibit 8 and is incorporated by reference herein.

| Notice of Federal Tax Lien Serial No. 194270016 | | | | | | |
|---|---|---|---|---|---|---|
| Form | Date of Filing and Place of Filing | Kind of Tax | Tax Years | Date of Assessment | Total | Name of Taxpayer |
| 668(Y)(c) | 01/26/2016<br><br>Santa Clara County | 6038 | 2001 2002 2003 2004 | Various dates in May and June 2014 | $286,356.72 | Jeff T. Yu, Also Known As Jeffrey T. Yu |

A copy of NFTL Serial No. 194270016 is attached as Exhibit 9 and is incorporated by reference herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| **Notice of Federal Tax Lien Serial No. 195399116** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Form | Date of Filing and Place of Filing | Kind of Tax | Tax Years | Date of Assessment | Total | Name of Taxpayer | Property Referenced |
| 668(Y) | 02/25/2016 Santa Clara County | 6038 6677 | 1997 1998 1999 2000 2001 | Various dates in May 2014 | $3,673,572.60 | Olivia L. Yu, Individually and/or Jeffrey T. & Olivia L. Yu Family Trust Dated March 23, 1995 and/or as Amended on January 30, 2003 and February 9, 2010, Transferees of Jeffrey T. Yu | 20932 Sarahills Dr., Saratoga |

A copy of NFTL Serial No. 195399116 is attached as Exhibit 10 and is incorporated by reference herein.

| **Notice of Federal Tax Lien Serial No. 195402216** | | | | | | | |
|---|---|---|---|---|---|---|---|
| Form | Date of Filing and Place of Filing | Kind of Tax | Tax Years | Date of Assessment | Total | Name of Taxpayer | Property Referenced |
| 668(Y) | 02/25/2016 Santa Clara County | 6038 | 2001 2002 2003 2004 | Various dates in May and June 2014 | $286,356.72 | Olivia L. Yu, Individually and/or Jeffrey T. & Olivia L. Yu Family Trust Dated March 23, 1995 and/or as Amended on January 30, 2003 and February 9, 2010, Transferees of Jeffrey T. Yu | 20932 Sarahills Dr. Saratoga |

A copy of NFTL Serial No. 195402216 is attached as Exhibit 11 and is incorporated by reference herein.

35. The NFTLs state that the amounts owed relate to IRC § 6038 and IRC § 6677 penalties involving the years 1997 through 2004. The date and place each of the NFTLs were filed is set forth above and on the NFTLs that are attached as exhibits and incorporated by reference herein. The NFTLs that specifically reference the Sarahills Drive Property state that United States is seeking to collect these penalties from "Olivia L. Yu, Individually and/or Jeffrey T. & Olivia L. Yu Family Trust Dated March 23, 1995 and/or as Amended on January 30, 2003 and February 9, 2010, Transferees of Jeffrey T. Yu."

### 1997-2004 TAX YEARS

36. In or about 2006, the IRS initiated an examination of Jeffrey T Yu.

37. On or about various dates during the May-June 2014 time period, the IRS assessed IRC § 6038 and IRC § 6677 penalties assessed against Jeffrey T. Yu for the years 1997-2004.

### FIRST CLAIM FOR RELIEF
### (Removal of Federal Tax Liens and Quiet Title as to Windsor Street Property)

38. Evergreen Trustee Sohn re-alleges and incorporates by reference each and every allegation of Paragraphs 1, 2, 4-13, 17-24, and 34-37 as though fully set forth herein.

39. Jeffrey T. Yu was the taxpayer whose alleged liability created the NFTLs mentioned above.

40. The United States claims an interest in the Windsor Street Property by virtue of the filing of various NFTLs referred to above. However, the claims of the United States are without any right whatsoever, and the United States has no legal or equitable right, claim or interest of any kind in the Windsor Street Property.

41. The Evergreen Trust and/or Evergreen Trustee at the various times herein previously mentioned: (a) has title to the Windsor Street Property; (b) has been the owner of the Windsor Street Property; (c) is entitled to exclusive possession of the Windsor Street Property; and (d) has right to the Windsor Street Property within the meaning of Title 26, United States Code, § 6321.

42. The Windsor Street Property as described above is the sole and exclusive property of the Evergreen Trust and/or Evergreen Trustee and is not subject to or liable for the penalties and interest allegedly owing by Jeffrey T. Yu, and thus, the above-mentioned NFTLs are invalid and must be expunged.

43. The Evergreen Trust and/or the Evergreen Trustee are not liable for any of the penalties and interest allegedly owed by Jeffrey T. Yu.

44. The creation of the Evergreen Trust in or about 2003 and the transfer of the Windsor Street Property into the Evergreen Trust in or about 2004 occurred approximately 2-3 years before the IRS examination commenced and approximately 10-11 years before the penalties that resulted in the NFTLs in question were assessed. Jeffrey T. Yu's owed no penalties to the IRS for the tax years 1997-2004 at the time the Evergreen Trust was created in or about 2003 and the Windsor Street Property was transferred into the Evergreen Trust in or about 2004.

45. The Evergreen Trust and/or Evergreen Trustee are not the transferees and/or alter ego and/or nominee of Jeffrey T. Yu and thus the NFTLs are invalid.

46. Evergreen Trustee Sohn therefore seeks a declaration from this Court that title to the Windsor Street Property is vested in the Evergreen Trust and/or Evergreen Trustee alone and that the United States be declared to have no estate, right, title or interest of any kind in the Windsor Street Property.

**SECOND CLAIM FOR RELIEF**
**(Removal of Federal Tax Liens and Quiet Title as to Galli Drive Property)**

47. Evernoble Trustee Olivia Yu re-alleges and incorporates by reference each and every allegation of Paragraphs 1, 3-9, 12-13, 17, 25-28, and 34-37 as though fully set forth herein.

48. Jeffrey T. Yu was the taxpayer whose alleged liability created the NFTLs mentioned above.

///

///

49. The United States claims an interest in the Galli Drive Property by virtue of the filing of various NFTLs referred to above. However, the claims of the United States are without any right whatsoever, and the United States has no legal or equitable right, claim or interest of any kind in the Galli Drive Property.

50. The Evernoble Trust and/or Evernoble Trustee at the various times herein previously mentioned: (a) has title to the Galli Drive Property; (b) has been the owner of the Galli Drive Property; (c) is entitled to exclusive possession of the Galli Drive Property; and (d) has right to the Galli Drive Property within the meaning of Title 26, United States Code, § 6321.

51. The Galli Drive Property as described above are the sole and exclusive property of the Evernoble Trust and/or Evernoble Trustee and is not subject to or liable for the penalties and interest allegedly owing by Jeffrey T. Yu, and thus, the above-mentioned NFTLs are invalid and must be expunged.

52. The Evernoble Trust and/or Evernoble Trustee are not liable for any of the penalties and interest allegedly owed by Jeffrey T. Yu.

53. The creation of the Evernoble Trust in or about 2003 and the transfer of the Galli Drive Property into the Evernoble Trust in or about 2004 occurred approximately 2-3 years before the IRS examination commenced and approximately 10-11 years before the penalties that resulted in the liens in question were assessed. Jeffrey T. Yu's owed no penalties to the IRS at the time the Evernoble Trust was created in or about 2003 and the Galli Drive Property was transferred into the Evernoble Trust in or about 2004.

54. The Evernoble Trust and/or Evernoble Trustee are not the transferees and/or nominees and/or alter egos of Jeffrey T. Yu and thus the NFTLs are invalid.

55. Evernoble Trustee Olivia Yu therefore seeks a declaration from this Court that title to the Galli Drive Property is vested in the Evernoble Trust and/or Evernoble Trustee alone and that the United States be declared to have no estate, right, title or interest of any kind in the Galli Drive Property.

///

**THIRD CLAIM FOR RELIEF**
**(Removal of Federal Tax Liens and Quiet Title as to Sarahills Drive Property)**

56. Olivia L. Yu in her role as the Trustee of the Yu Personal Residence Trust and in her role as an individual re-alleges and incorporates by reference each and every allegation of Paragraphs 1, 3-9, 14-17, and 29-37 as though fully set forth herein.

57. Jeffrey T. Yu was the taxpayer whose alleged liability created the NFTLs mentioned above.

58. The United States claims an interest in the Sarahills Drive Property by virtue of the filing of various NFTLs referred to above. Specifically, in NFTLs Nos. 195399116 and 195402216, the name of the taxpayer is referred to as "Olivia L. Yu, Individually and/or Jeffrey T. & Olivia L. Yu Family Trust Dated March 23, 1995 and/or as Amended on January 30, 2003 and February 9, 2010, Transferees of Jeffrey T. Yu". However, the claims of the United States are without any right whatsoever, and the United States has no legal or equitable right, claim or interest of any kind in the Sarahills Drive Property, including but not limited to the fact that ownership of the Sarahills Drive Property is in the name of the Yu Personal Residence Trust and not the Yu Family Trust referred to in the two above-mentioned NFTLs.

59. The Yu Personal Residence Trust and/or Yu Personal Residence Trustee at the various times herein previously mentioned: (a) has title to the Sarahills Drive Property; (b) has been the owner of the Sarahills Drive Property; (c) is entitled to exclusive possession of the Sarahills Drive Property; and (d) has right to the Sarahills Drive Property within the meaning of Title 26, United States Code, § 6321.

60. The Sarahills Drive Property as described above is the sole and exclusive property of the Yu Personal Residence Trust and/or Yu Personal Residence Trustee is not subject to or liable for the penalties and interest, allegedly owing by Jeffrey T. Yu, and thus, the above-mentioned NFTLs are invalid and must be expunged.

61. The Yu Personal Residence Trust and/or Yu Personal Residence Trustee are not liable for any of the penalties, and interest allegedly owed by Jeffrey T. Yu.

62. The creation of the Yu Personal Residence Trust in or about 1996 and the transfer of the Sarahills Drive Property into the Yu Personal Residence Trust in or about 1996 occurred approximately 10 years before the IRS examination commenced and 18 years before the penalties that resulted in the liens in question were assessed. Jeffrey T. Yu's owed no penalties to the IRS for tax years 1997-2004 at the time the Yu Personal Residence Trust was created and the Sarahills Drive Property was transferred into the Yu Personal Residence Trust.

63. The Yu Personal Residence Trust and/or Yu Personal Residence Trustee are not the transferees and/or nominees and/or or alter egos of Jeffrey T. Yu and thus the NFTLs are invalid.

64. Yu Personal Residence Trustee Olivia Yu therefore seeks a declaration from this Court that title to the Sarahills Drive Property is vested in the Yu Personal Residence Trust / Yu Personal Residence Trustee alone and that the United States be declared to have no estate, right, title or interest of any kind in the Sarahills Drive Property.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

1. A cessation of any and all collection activities against these properties and Plaintiffs during the pendency of this action;

2. For a judgment quieting title to the above-mentioned properties, and that the United States, by and through the NFTLs, has no right, title, estate, lien, or interest in the above-mentioned properties;

3. That the Court order, adjudge, and decree that Plaintiffs are not the nominees, transferees, or alter egos of Jeffrey T. Yu;

4. That the Court order that all of the NFTLs be discharged;

5. That the Court order, adjudge, and decree that all title, right, and interest in any and all property of Plaintiffs be quieted in Plaintiffs free and clear from any right or interest of the United States in the above-mentioned properties;

6. For a judgment expunging all of the NFTLs described above;

COMPLAINT TO QUIET TITLE - 14

7. For a judgment that Plaintiffs, nor any of its assets, is liable in any way for the penalties owed by Jeffrey Yu.

8. For costs incurred in this action; and

9. For such other and further relief as the Court may deem just and proper.

**DATED this 20th day of January 2022.**           FABIAN VANCOTT

By: */s/ Jeffrey B. Setness*
**JEFFREY B. SETNESS, ESQ.**
*Attorneys for Plaintiffs Carolyne Y. Sohn as Trustee of the Evergreen Trust dated November 4, 2003; Olivia L. Yu as Trustee of the Evernoble Trust dated November 4, 2003; Olivia L. Yu as Trustee of the Yu Personal Residence Trust dated March 21, 1996; and Olivia L. Yu as an Individual*